UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KAYLA L. LAHMEYER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 1:25-cv-111-HAB |
| | ) |
| BRUNSWICK CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**OPINION AND ORDER**

Plaintiff, Kayla Lahmeyer ("Lahmeyer"), sued Defendant, Brunswick Corporation ("Brunswick"), alleging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII"). (ECF No. 2). Lahmeyer asserts—among other things—that Brunswick made her employment so hellish that she was forced to resign such that she was constructively discharged. (*Id.*). Before availing herself to this forum, Lahmeyer had to exhaust her administrative remedies by filing a Charge of Discrimination with the proper agency. Although she filed a charge, she did so weeks before her resignation and thus before her claim for constructive discharge ever existed. Brunswick now moves to dismiss Lahmeyer's claims for constructive discharge on that basis. (ECF No. 8). That motion is now fully briefed (ECF Nos. 9, 14, 15) and ripe for ruling.

**I.      Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

1

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted); *see also Ray v. City of Chi.*, 629 F.3d 660, 662-63 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When analyzing a motion to dismiss a claim under Rule 12(b)(6), the factual allegations in the complaint must be accepted as true and viewed in the light most favorable to the plaintiff. *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1006 (7th Cir. 2000).

That said, the Court is not "obliged to accept as true legal conclusions or unsupported conclusions of fact." *Bielanski v. Cty. Of Kane,* 550 F.3d 632 (7th Cir. 2008). And "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II.    Well-Pleaded Facts

On February 21, 2024, Lahmeyer filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation against Brunswick under Title VII. (ECF No. 2-1). After experiencing sexual harassment from a coworker, she took her grievances to Brunswick's Human Resources Director, Susie Eberle ("Eberle"), and her Supervisor, Leigh Ann Osbourne ("Osbourne"). (*Id.*). It appears that Eberle and Osbourne dismissed Lahmeyer's concerns and Eberle responded by giving her a Progressive Discipline form detailing several of Lahmeyer's disciplinary matters for the first time. (*Id.*). Pertinent here, Lahmeyer stated, "[Eberle] and [Osbourne] have made i[t] such that Complainant's work environment is now so hellish and so unreasonable that it is quite apparent to Complainant that she is being set up for discharge." (*Id.*).

In her Complaint (ECF No. 2), Lahmeyer claims that "the retaliation got so bad and the

work environment got so hellish that [she] had no other choice but to resign on or about March 12, 2024, at which time [she] was constructively discharged." (*Id.* ¶ 3). Lahmeyer filed no other charges of discrimination—nor did she amend the Charge from February 21, 2024—before suing in this forum.

### III.    Discussion

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's…sex[.]" 42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits employers from retaliating against an employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). Whether asserting claims for discrimination, retaliation, or constructive discharge, "[b]efore bringing a Title VII claim, a plaintiff must first exhaust h[er] administrative remedies by filing charges with the EEOC and receiving a right to sue letter." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).

"[T]he scope of the complaints brought before the [EEOC] limits the scope of subsequent civil proceedings in federal court; in other words, plaintiffs may pursue only those claims that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099-1100 (7th Cir. 2013). The purpose of the exhaustion requirement is two-fold: it gives the EEOC and the employer an opportunity to settle the dispute, and it puts the employer on notice of any charges against it. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992).

With this backdrop, Brunswick argues that Lahmeyer's claims based on constructive discharge must be dismissed because she resigned several weeks after she filed the Charge. "A

3

claim of constructive discharge…has two basic elements[:] [a] plaintiff must prove first that [s]he was discriminated against by h[er] employer to the point where a reasonable person in h[er] position would have felt compelled to resign." *Green v. Brennan*, 578 U.S. 547, 555 (2016). But she "must also show that [s]he actually resigned." *Id.* Indeed, a constructive discharge claim "does not exist until the employee resigns." *Id.* at 562.[1] Lahmeyer never filed another charge or amended the Charge with the EEOC. This Supreme Court precedent, Brunswick argues, thus requires dismissal of her constructive discharge claims.

Lahmeyer, in response, did not address *Green* despite that decision forming a large portion of Brunswick's argument. Instead, she argues that "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Cheek v. Western and Southern Life Ins.*, 31 F.3d 497, 500 (7th Cir. 1994). And Lahmeyer posits that her claim must survive if her constructive discharge claims "are like or reasonably related to the allegations of the charge and growing out of such allegations." *Id.* That determination requires the Court to examine whether the Charge "g[a]ve notice to [Brunswick] of the [constructive discharge] claims against it and…provide[d] an opportunity for the EEOC and the employer to settle the dispute." *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1004 (N.D. Ill. 2012).

To start, the Court notes that all cases cited by Lahmeyer were decided before *Green,* 578 U.S. 547, which is now binding. And even in the extra-jurisdictional *Smith* case, the plaintiff's constructive discharge claim was dismissed because "his constructive discharge claim [was not] like or reasonably related to those contained in the EEOC charge." 909 F. Supp. 2d at 1007. In the wake of *Green,* this District has answered whether a charge filed before an employee resigns can support a claim of constructive discharge. And that answer is no:

---

[1] *See also Green,* 578 U.S. at 554 ("We hold that a [constructive discharge] claim accrues only after an employee resigns.").

4

> The Defendant argues that the Plaintiff failed to allege constructive discharge in her EEO complaint and cannot now bring that claim in federal court. A constructive discharge claim "accrues only after an employee resigns." [*Green,* 578 U.S. at 562]. The Plaintiff does not allege that she filed any EEO complaints after she resigned from the DVA. "It is clear that the dual purposes of the exhaustion requirement would be frustrated by allowing [the plaintiff] now to proceed with [this] claim." [*Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009)]. The Plaintiff should have filed an EEO complaint after her resignation "to properly allow the agency to try to resolve the matter and fulfill its obligation to investigate the facts and circumstances related to the [resignation]." Thus, the Plaintiff has not established that she exhausted her administrative remedies as to her constructive discharge claim, and this claim will be dismissed.

*Hatton v. Shulkin*, 2018 WL 2162352, at *4 (N.D. Ind. May 10, 2018); *see also Fidishin v. Gary Cmty. Sch. Corp.*, 2022 WL 326544, at *8 (N.D. Ind. Feb. 2, 2022) ("[I]f a plaintiff "does not file a new EEOC charge following her resignation, her constructive discharge claim [i]s not properly exhausted and will not be considered.").[2]

Lahmeyer attempts to sidestep this authority on the facts. She claims that, in the Charge, she provided the very definition of constructive discharge—something the plaintiff in *Hatton* failed to do. But the *Hatton* court hardly analyzed the substance of the plaintiff's charge; it dismissed the constructive discharge claim simply because the plaintiff did not resign until after she filed her charge with the EEOC. Timing was the problem.[3] And courts in this Circuit routinely dismiss constructive discharge claims on this basis.[4] Lahmeyer faces the same problem here, and

---

[2] "A Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to from the basis of each claim in her complaint[,]" in part, because "laypersons rather than lawyers usually are the ones initiating the charges." *Teal,* 559 F.3d at 692. Not only did Lahmeyer's counsel represent the plaintiff in *Hatton*, but he also represented Lahmeyer and filed the Charge on her behalf. "[T]his weakens the argument for liberal construction in this case[.]" *Id.*

[3] Lahmeyer's counsel should be well aware as he represented the plaintiff in *Hatton.* And in that case, the court advised that "[t]he Plaintiff should have filed an [EEOC] complaint after her resignation to properly allow the agency to try to resolve the matter and fulfill its obligation to investigate the facts and circumstances related to the [resignation]." *Hatton*, 2018 WL 2162352, at *4.

[4] *See Richardson v. Swift Transp. Co. of Arizona, LLC*, 2018 WL 1811332, at *4 (N.D. Ill. Apr. 17, 2018) ("Plaintiff argues that the claim is within the scope of her Charge because it is based on the same conduct, but its timing means that it is necessarily outside the scope of the Charge."); *Sughayer v. Fifth Third Bank, N.A*., 2021 WL 3883078, at *4 (N.D. Ill. Aug. 31, 2021); *Schaetz v. Paper Converting Mach. Co. Inc*, 2017 WL 2275005, at *2 (E.D. Wis. May 24, 2017).

5

thus her claims based on constructive discharge should be dismissed.

### IV. Conclusion

For these reasons, Defendant's Partial Motion to Dismiss (ECF No. 8) Plaintiff's claims for constructive discharge is GRANTED. All claims based on constructive discharge are DISMISSED.

SO ORDERED May 14, 2025.

                                      s/ *Holly A. Brady*
                                      CHIEF JUDGE HOLLY A. BRADY
                                      UNITED STATES DISTRICT COURT